# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
12/16/2020 11:05 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 989-0369
Email: justin@erinjuryattorneys.com
Attorneys for Plaintiff

CASE NO: A-20-826521-C
Department 32

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| BETTY TERRESE WRIGHT, individually, | ) |
| Plaintiff, | ) CASE NO.<br>) DEPT. NO. |
| v. | ) |
| SMITH'S FOOD & DRUG CENTERS, INC. an Ohio Corporation; DOES I-V; and ROE CORPORATIONS III-V, inclusive, | ) **COMPLAINT** |
| Defendants. | ) |

Plaintiff BETTY TERRESE WRIGHT ("Plaintiff") complains as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff is, and at all times relevant herein, was, a resident of Clark County, Nevada.

2.      The actions complained of herein occurred in Clark County, Nevada.

3.      Defendant SMITH'S FOOD & DRUG CENTERS, INC., is, and at all times mentioned herein was, an Ohio corporation conducting business in Clark County, Nevada.

4.      The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of these defendants are ascertained, Plaintiffs will amend this Complaint accordingly.

5.      At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

- 1 -

6.  On September 30, 2019, Plaintiff was an invitee of Defendants at Smith's Food & Drug Centers, Inc., located at 2540 S. Maryland Pkwy, Las Vegas, Nevada (hereafter the "Property").

7.  Defendants maintained and were in control of the Property.

8.  While visiting the Property, Plaintiff was walking within an aisle of the Property when she slipped on a clear liquid on the floor, and fell (hereafter the "dangerous condition"), causing Plaintiff to sustain serious injuries.

9.  As a direct and proximate result of the negligence of all Defendants, Plaintiff sustained injuries to her back, bodily limbs, her knee, organs and systems, all or some of which conditions may be permanent and disabling, and all to Plaintiffs' damage in a sum in excess of $15,000.00.

10.  As a direct and proximate result of the negligence of all Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

11.  As a direct and proximate result of the negligence of all Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

12.  As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

13.  Plaintiff incorporates paragraphs 1 through 12 of the Complaint as if those paragraphs were fully incorporated herein.

14.  Defendant owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

15.  Defendants breached this duty of care by failing to warn Plaintiff of the dangerous, non-obvious condition.

\\\

16.  Defendants' negligence directly and proximately caused Plaintiff serious injury.

- 2 -

17.     As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her bodily limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future.

18.     As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which has caused, and shall continue to cause loss of enjoyment of life.

19.     Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1.     For general damages in an amount in excess of $15,000.00;

2.     For special damages in an amount in excess of $15,000.00;

3.     For reasonable attorney's fees and costs;

4.     For property damage sustained by Plaintiff;

5.     For interest at the statutory rate; and

5.     For such other relief as the Court deems just and proper.

ER INJURY ATTORNEYS

By: _____
    Justin G. Randall, Esq.
    Nevada Bar No. 12476
    4795 South Durango Drive
    Las Vegas, Nevada 89147
    Attorneys for Plaintiff

PSER
ER INJURY ATTORNEYS
4795 S DURANGO DR
LAS VEGAS, NV 89147
(702) 877-1500

**Electronically Filed**
**1/8/2021 10:12 AM**
**Steven D. Grierson**
**CLERK OF THE COURT**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

BETTY TERRESE WRIGHT
   Plaintiff

*Case Number:* A-20-826521-C

vs

*Dept:*

SMITH'S FOOD & DRUG CENTERS, INC
   Defendant

**PROOF OF SERVICE**

DUSTIN GROSS, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **12/21/2020 at 1:12 PM** to:

**Defendant SMITH'S FOOD & DRUG CENTERS, INC., AN OHIO CORPORATION, BY SERVING CORPORATION SERVICE COMPANY, REGISTERED AGENT**

by leaving the copies with or in the presence of **KRIS OSBORN, CORPORATE SPECIALIST**, at 112 N CURRY ST, CARSON CITY, NV 89703, pursuant to **NRS 14.020**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Thursday, December 24, 2020

DUSTIN GROSS
Battle Born Process Service, NV PILB LIC #1876
3710 Grant Drive, Ste. L
Reno, NV 89509
775-507-7188

P-1937643.01

**Electronically Filed**
1/11/2021 12:36 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ANSC**
   JERRY S. BUSBY
2  Nevada Bar #001107
   GREGORY A. KRAEMER
3  Nevada Bar #010911
   COOPER LEVENSON, P.A.
4  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada  89102
5  (702) 366-1125
   FAX:  (702) 366-1857
6  jbusby@cooperlevenson.com
   gkraemer@cooperlevenson.com
7  Attorneys for Defendant
   SMITH'S FOOD & DRUG CENTERS, INC.

8

9                          DISTRICT COURT

10                   CLARK COUNTY, NEVADA

11  BETTY TERRESE WRIGHT, individually;     CASE NO.:  A-20-826521-C
                                             DEPT. NO.:  XXXII
12              Plaintiff,

13  v.

14  SMITH'S FOOD & DRUG CENTERS, INC.       **DEFENDANT SMITH'S FOOD & DRUG**
    an Ohio Corporation;  DOES I – V; and ROE   **CENTERS, INC.'S ANSWER TO**
15  CORPORATIONS III-V, inclusive,          **PLAINTIFF'S COMPLAINT**

16              Defendants.

17

18       COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., by and through its

19  attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby

20  answers Plaintiff's Complaint on file herein as follows:

21                                   **I.**

22       This answering Defendant states that it does not have sufficient knowledge or information upon

23  which to base a belief as to the truth of the allegations contained in Paragraphs 1, 2, 4, 5, 6 and 8 of

24  Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

25                                  **II.**

26       This answering Defendant admits the allegations contained in Paragraphs 3 and 7 of

27  Plaintiff's Complaint.

28  / / /

CLAC 6132762.1

**III.**

This answering Defendant denies each and every allegation contained in Paragraphs 9, 10, 11 and 12 of Plaintiff's Complaint.

**IV.**

This answering Defendant, in response to Paragraph 13 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**", incorporates herein by reference each and every answer previously alleged to the Paragraphs which the Plaintiff has realleged by incorporation.

**V.**

Paragraph 14 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**" states a legal conclusion which is the sole province of the Court to determine. This answering Defendant therefore denies said Paragraph.

**VI.**

This answering Defendant denies each and every allegation contained in Paragraphs 15, 16, 17, 18 and 19 of that portion of Plaintiff's Complaint entitled "**FIRST CAUSE OF ACTION**".

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

///

///

CLAC 6132762.1

1    WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her

2  Complaint on file herein; for costs and disbursements incurred in this action; and for such other and

3  further relief as to the Court may deem proper.

4    Dated this 11th day of January, 2021.

5                                COOPER LEVENSON, P.A.

6

7                        By    /s/ Jerry S. Busby
                                Jerry S. Busby
8                                Nevada Bar #001107
                                Gregory A. Kraemer
9                                Nevada Bar #010911
                                3016 West Charleston Boulevard - #195
10                               Las Vegas, Nevada  89102
                                Attorneys for Defendant
11                               SMITH'S FOOD & DRUG CENTERS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 11th day of January, 2021, I did cause a true copy of the foregoing **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

> Justin G. Randall, Esq.
> ER INJURY ATTORNEYS
> 4795 South Durango Drive
> Las Vegas, NV 89147
> Attorneys for Plaintiff

By _____

        An Employee of
        COOPER LEVENSON, P.A.

CLAC 6132762.1

Electronically Filed
1/15/2021 4:13 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
1   Craig A. Henderson, Esq.
    Nevada Bar No. 10077
2   ER INJURY ATTORNEYS
    4795 South Durango Drive
3   Las Vegas, Nevada 89147
    Telephone: (702) 968-7500
4   Facsimile: (702) 747-4538
    Email: justin@erinjuryattorneys.com
5   Attorneys for Plaintiffs

                        DISTRICT COURT
6
                    CLARK COUNTY, NEVADA
7
8   BETTY TERRESE WRIGHT, individually,
                                               CASE NO.: A-20-826521-C
9            Plaintiff,                        DEPT NO.: 32

10  v.

11  SMITH'S FOOD & DRUG CENTERS, INC. an
    Ohio Corporation; DOES I-V; and ROE
12  CORPORATIONS III-V, inclusive,

13
             Defendants.
14

15              **PETITION FOR EXEMPTION FROM ARBITRATION**

16          COMES NOW Plaintiff, BETTY TERRESE WRIGHT, by and through her attorneys of

17  record, CRAIG A. HENDERSON, ESQ., of ER INJURY ATTORNEYS, and hereby requests the

18  above entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rule 3 and 5, as

19  this case:

20          1. ____ presents a significant issue of public policy;

21          2. XX  involves an amount in issue in excess of $50,000, exclusive of interest and costs;

22          3. ____ presents unusual circumstances which constitute good cause for removal from the

23          program.

24          This is an action for personal injuries resulting from a slip and fall incident that occurred on

25  September 30, 2019 in Clark County Nevada.  On this date, Plaintiff was an invitee of Defendant

26  SMITH'S FOOD & DRUG CENTERS, INC.  While visiting the property, Plaintiff slipped on a clear

27  liquid substance, causing Plaintiff serious injuries.

28          To date, Plaintiff BETTY TERRESE WRIGHT has incurred the following medical expenses

as a result of the subject incident:

| 1. | MedicWest Ambulance | $1,102.02 |
|----|---------------------|-----------|
| 2. | Sunrise Hospital | $53,901.00 |
| 3. | Fremont Emergency Services | $1,428.00 |
| 4. | Radiology Specialists | $378.00 |
| 5. | Desert Radiology | $2,090.20 |
| 6. | Southwest Medical Associates | $432.02 |
| 7. | Ruggeroli and Helmi Pain Specialists | $6,356.50 |
| 8. | Knee and Shoulder Institute | $254.00 |
| 9. | ATI Physical Therapy | $2,197.63 |
| 10. | Surgical Arts Center | $5,072.00 |
| | **TOTAL DAMAGES** | **$73,211.37** |

Plaintiff slipped and fell on a clear liquid on the floor of an isle in the Defendant's premises. Plaintiff struck her head on the isle shelves and lost consciousness. Plaintiff was taken by ambulance to the hospital where she was diagnosed with a head injury. She also suffered knee, ankle, back and leg pain from the fall. Plaintiff has undergone therapeutic injections to her lumbar spine.

As is evidenced by the injuries diagnosed by Plaintiff's healthcare providers, together with the significant medical expenses incurred by Plaintiff and the future cost of treatment, Plaintiff's case has a probable jury award value in excess of $50,000. Accordingly, and pursuant to N.A.R. 3, this matter is appropriately exempted from the Court Annexed Arbitration Program. Further, this request for exemption has been timely filed pursuant to the requirements set forth in N.A.R. 5.

///

///

///

///

Based upon the foregoing, I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption marked above, and I am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

ER INJURY ATTORNEYS


_____/s/ Craig A. Henderson_____
Craig A. Henderson, Esq.
Nevada Bar No. 10077
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

Pursuant to N.R.C.P. 5(a), E.D.C.R. 7.26(a) and N.E.F.C.R. 9, I hereby certify that I am an employee of ER INJURY ATTORNEYS, and on the 15th day of January, 2021, the foregoing **PETITION FOR EXEMPTION FROM ARBITRATION** was served by electronic via the Eighth Judicial Court's Odyssey E-File and Serve system, to the following counsel of record:

Jerry S. Busby, Esq.
Gregory A. Kraemer, Esq.
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
*Attorney for Defendant*


_____/s/ Amber Geiman_____
An Employee of ER INJURY ATTORNEYS

Electronically Filed
2/3/2021 2:45 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

# DISTRICT COURT

# CLARK COUNTY, NEVADA

Betty Wright, Plaintiff(s)

vs.

Smith's Food & Drug Center, Inc. and Ohio

Corporation, Defendant(s)

CASE NO: A-20-826521-C
DEPT. NO: II

## COMMISSIONER'S DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: <u>January 15, 2021</u>

EXEMPTION FILED BY: <u>Plaintiff</u>          OPPOSITION: <u>No</u>

## DECISION

Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

DATED this 3rd of February, 2021.

_____
ADR COMMISSIONER

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT

1

**<u>NOTICE</u>**

Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days from the date you are served with this document within which to file written objections with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed served three (3) days after the Commissioner's designee deposits a copy of the Decision in the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the time if served electronically (via e-service).**

**A copy of the foregoing Commissioner's Decision on Request for Exemption was electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

*If indicated below*, a copy of the foregoing Commissioner's Decision on Request for Exemption was also:

☐ Placed in the folder of counsel maintained in the Office of the Clerk of Court on _____, 2021.

☐ Mailed by United States Postal Service, Postage prepaid, to the proper parties listed below at their last known address(es) on _____.

/s/   Loretta Walker
ADR COMMISSIONER'S DESIGNEE

2

ADR
COMMISSIONER
EIGHTH JUDICIAL
DISTRICT COURT